UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLEOTIS JONES, #479921,

    Petitioner,

                                  Civil No: 06-CV-11003
                                  Honorable John Corbett O'Meara

v.

BLAINE LAFLER,

    Respondent.
_____/

**OPINION & ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS**

Petitioner, Cleotis Jones, is a state inmate currently incarcerated at the Richard A. Handlon Correctional Facility in Ionia, Michigan. Petitioner was convicted at the conclusion of a Wayne County Circuit Court jury trial[1] of manslaughter, Mich. Comp. Laws §750.321; and possession of a firearm during the commission of a felony, Mich. Comp. Laws §750.227b. Petitioner was sentenced to ten to fifteen years' imprisonment for the manslaughter conviction and a consecutive two-year term of imprisonment for the felony-firearm conviction. Petitioner filed a *pro se* petition for habeas corpus under 28 U.S.C. §2254. For the reasons that follow, the Court will deny the petition.

**I. BACKGROUND**

Defendant's convictions arise from the fatal shooting of Nathaniel Travis. The state appellate court in this case set forth underlying facts, which are presumed correct on habeas review, *see*

---

[1] Petitioner and Alexander Hamby were tried jointly before two separate juries in connection with the fatal shooting of Nathaniel Travis.


*Monroe v. Smith,* 197 F. Supp.2d 753, 758 (E.D. Mich. 2001), *aff'd* . 41 Fed. App'x. 730 (6th Cir. 2002), as follows:

> The evidence showed that Debra Jones was the victim's girlfriend and the mother of defendant Jones. Evidence was also presented from which the jury could infer that the victim had been violent toward Debra Jones in the past. Defendant Hamby was observed walking the victim away from Debra Jones' home with the victim in a headlock. Rufus McWilliams testified that the headlock was more of a chokehold. McWilliams saw both defendants walk down Concord Street with the victim and heard defendant Jones, who had a gun, tell the victim that he had "f ed up" He did not hear defendant Hamby speak. The victim looked distressed.

> McWilliams also saw the victim break away from defendant Hamby and the three men began to fight,. McWilliams repeatedly called 911 because he was concerned for the victim's safety and insisted that he heard multiple gunshots while he was on the phone with a 911 operator. McWilliams saw both defendants leave the area from where he heard the shots, and both turned off Concord toward Foster Street, but at different points. Another witness, Glenn Davis, testified that he saw defendant Jones and a taller man cross a field coming from Concord just after he heard multiple gunshots. He testified at trial that he did not know if the taller man had a gun, but he told the police that he did see him with a gun. Despite police efforts, which included notifying defendant Hamby's mother and some associates, defendant Hamby was not arrested until nearly two months after the shooting occurred.

*People v Jones,* No: 252735, 2005 WL 139361, *2, (Mich. Ct. App. June 14, 2005).

Petitioner filed an appeal of right and raised the following claim:

I. Defendant is entitled to resentencing where the trial court erred in the sentence.

The Michigan Court of Appeals affirmed Petitioner's conviction. *Id.* at *8. Petitioner filed an application for leave to appeal with the Michigan Supreme Court and raised the same issue as that which was presented before the Michigan Court of Appeals. Petitioner's application for leave was denied . *People v. Jones,* 474 Mich. 918; 705 N.W.2d 686 (2005) (table). Petitioner now seeks a writ of habeas corpus asserting the same claim presented in the state appellate courts.

Respondent has filed an answer to the petition, asserting that Petitioner's claim does not involve an objectively unreasonable application of clearly established Supreme Court law.

## II. STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this court's habeas corpus review of state court decisions. Petitioner is entitled to the writ of habeas corpus if he can show that the state court's adjudication of his claim on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

"[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Id.* at 410 (emphasis in original). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law is objectively unreasonable." *Id.* at 409. "Furthermore, state findings of fact are presumed to be correct unless the defendant can rebut the presumption by clear and convincing evidence." *Baze v. Parker,* 371 F.2d 310, 318 (6th Cir. 2004) (citing 28 U.S.C. §2254(e)(1)).

3

## III.  DISCUSSION

### A.

### Resentencing

Petitioner asserts that the trial court erred when it imposed sentence upon Petitioner by departing from the sentencing guidelines. The Michigan Court of Appeals disagreed and stated as follows:

> We . . . conclude that the trial court did not abuse its discretion in its determination that the circumstances as they existed at the time of the shooting constituted a substantial and compelling reason to depart. The fact that this killing was committed in broad daylight in the presence of neighbors and children playing nearby is the type of reason that "keenly" grabs a court's attention and is of considerable worth in determining the length of defendant Jones' sentence. Although it is a closer call, we are not prepared to say that the trial court abused its discretion in determining that the victim's asportation constitutes a substantial and compelling reason for departing from the sentencing guidelines. Moving the victim three blocks away probably increased the risk of harm to him because defendant Jones was more likely to shoot the victim to death in front of the park down the street than in front of his mother's house, where the victim was dropped off. We find that the trial court did not abuse its discretion in determining that substantial and compelling reasons existed to justify departing from the sentencing guidelines.

*Jones,* No: 252735, 2005 WL 139361, *2, (Mich. Ct. App. June 14, 2005).

### 1.

### Proportionality

Petitioner's assertion that his sentence is disproportionate under state law fails to state a claim for federal habeas relief. *Austin v. Jackson,* 231 F.3d 298, 300 (6th Cir. 2000). State courts are the final arbiters of state law. See *Bradshaw v. Richey* 546 U.S. 74, 76 (2005); *Sanford v. Yukins,* 288 F.3d 855, 860 (6th Cir. 2002). Moreover, there is also no federal constitutional right

to individualized sentencing. See *United States v. Thomas,* 49 F.3d 253, 261 (6th Cir. 1995). Petitioner is thus not entitled to habeas relief on this claim.

**2.**

**Eighth Amendment**

To the extent that Petitioner is further asserting that his sentence is disproportionate or violates the Eighth Amendment, he also fails to state a claim for federal habeas relief. The United States Constitution does not require strict proportionality between a crime and its punishment. See *Harmelin v. Michigan,* 501 U.S. 957, 965 (1991); *United States v. Marks,* 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime sentence offends the Eighth Amendment." *Marks,* 209 F.3d at 583. The maximum punishable period for manslaughter is fifteen years pursuant to Mich. Comp. Laws §750.321. Petitioner's sentence on the manslaughter conviction was ten to fifteen years. "A sentence within the statutory maximum . . . generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson,* 213 F.3d 298, 302 (6th Cir. 2000) quoting *United States v. Organek,* 65 Fed. 3d 60, 62 (6th Cir. 1995). Therefore, a ten to fifteen year sentence term is within the statutory maximum and is not grossly disproportionate for his conviction.

The imposition of Petitioner's sentence cannot be said to be an unreasonable application of clearly established federal law. Moreover, the Sixth Circuit has stated that "[f]ederal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas,* 49 F.3d 253, 261 (6th Cir. 1995). This case does not involve either of those sentencing dispositions. Therefore, habeas relief is not warranted on this claim.

### 3.

### *Blakely v. Washington*

Finally, Petitioner relies on *Blakely v. Washington,* 542 U.S. 296 (2004), in which the United States Supreme Court held that other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for a crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Id.* at 301 citing *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000). Petitioner's reliance on *Blakely,* however, is misdirected: *Blakely* involved a state trial court's departure from the State of Washington's *determinate* sentencing scheme. Michigan, in contrast, has an *indeterminate* sentencing system in which a defendant's sentence incorporates a minimum and a maximum term. The maximum sentence is not determined by the trial judge but is set by law. *See People v. Drohan,* 475 Mich. 140, 715 NW2d 778 (2006), *cert denied,* 549 U.S. 1037 (2006); *People v. Claypool,* 470 Mich. 715, 684 NW2d 278 (2004) both citing Mich. Comp. Laws §769.8.

"[M]ichigan's [S]entencing [G]uidelines, unlike the Washington guidelines at issue in *Blakely,* create a range within which the trial court must set the minimum sentence." See *Drohan,* 715 NW2d at 790. Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock,* 469 Mich. 247; 666 NW2d 231 (2003) citing Mich. Comp. Laws §769.34(2). In Michigan, the trial judge sets the minimum sentence but can never exceed the maximum sentence. *Claypool,* 684 NW2d at 286 n. 14. Michigan's indeterminate sentencing scheme remains unaffected by the United States Supreme Court's holding in *Blakely. Drohan,* 715 NW2d at 789.

As a result, the decision in *Blakely* has no application to Petitioner's sentence. Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not trespass on the province of the jury. *See Blakely,* 542 U.S. at 304-05, 308-09. Because *Apprendi* and *Blakely* do not apply to indeterminate sentencing schemes such as the one used in Michigan, the state trial court's calculation of Petitioner's sentencing guidelines range did not violate Petitioner's Sixth Amendment rights as occurred in *Blakely,* and Petitioner is therefore not entitled to habeas relief on this issue. See *Worley v. Palmer*, No.06-13467, 2006 WL 2347615 (E.D. Mich. Aug. 11, 2006). See also *People v. McCuller,* 479 Mich. 672, 739 NW2d 563 (2007) cert denied, — U.S. —, 128 S.Ct. 1871 (2008).

Therefore, any claim that the Michigan state trial court improperly exceeded the sentencing guidelines does not warrant habeas relief, *Gonzalez v. Romanowski,* No. 06-10608, 2008 WL 344522, *6-7 (E.D. Mich. Feb. 7, 2008). As stated above, claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeds the statutory limits or is wholly unauthorized by law. See *Lucey v. Lavigne,* 185 F.Supp. 2d 741, 745 (E.D. Mich. 2001). Nor does Petitioner have any state created interest in having the Michigan Sentencing Guidelines applied in determining his sentence. See *Shanks v. Wolfenbarger,* 387 F.Supp.2d 740, 752 (E.D. Mich. 2005). Therefore, habeas relief is not warranted on this claim.

### IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED.**

|  | s/John Corbett O'Meara |
|---|---|
| Date: March 27, 2009 | United States District Judge |

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 28, 2009, by electronic and/or ordinary mail.

<div style="text-align: right;">

s/William Barkholz
Case Manager

</div>